**In re Joseph Thomas BROWN d/b/a Tomahawk Camper Sales, Debtor.**

**Steven N. MOTTAZ, Trustee, Plaintiff,**

**v.**

**Joseph Thomas BROWN and First National Bank of Highland, Defendants.**

**Bankruptcy No. BK–80–50413.**
**Adv. No. 81–0011.**

United States Bankruptcy Court,
S. D. Illinois.

March 30, 1982.

Steven N. Mottaz, Alton, Ill., Trustee, pro se.

Thomas Meyer, Greenville, Ill., for debtor.

John P. Geismann, Highland, Ill., for First National Bank of Highland.

## ORDER

J. D. TRABUE, Bankruptcy Judge.

At Alton, in said district, this matter having come before the Court pursuant to a complaint filed by Steven N. Mottaz, Trustee of the Estate of the above-named Debtor; the Court having allowed the Trustee's Motion for Summary Judgment on December 1, 1981, and having agreed to reconsider said Order on January 4, 1982, the parties now having submitted briefs in support of their respective positions, the Court, having read the briefs that were submitted and having researched the case law and otherwise being fully informed in the matter finds as follows:

1) On November 20, 1980, Joseph Thomas Brown filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

2) Steven N. Mottaz was duly appointed the trustee of the estate.

3) As of November 1, 1980, Joseph Thomas Brown was the owner of an International tractor, model Transtar, Serial No. E2327EGA12781.

4) The tractor was not an exempt asset of the estate.

5) The First National Bank of Highland was the owner of a note and security agreement dated March 25, 1980, covering the above-described vehicle.

6) The only certificate of title on the above-described vehicle was issued by the State of New Jersey, in the name of Joseph T. Brown, dated July 10, 1980, which showed the First National Bank of Highland as a secured creditor.

7) On November 1, 1980, the First National Bank of Highland took possession of the vehicle and subsequently sold it on November 26, 1980.

8) At all times relevant to this transaction, Joseph Thomas Brown was a resident of the State of Illinois.

9) The Debtor caused the vehicle to be titled in New Jersey in order to satisfy his employer, National Service Lines.

10) The truck in issue was used to transport shipments in Interstate Commerce.

11) The lien was not properly perfected according to the Illinois Vehicle Code.

12) The repossession of the vehicle by the bank within 90 days of the petition in Bankruptcy made the transaction a preference that is voidable under § 547 of the Bankruptcy Code.

The applicable statutes are as follows: Illinois Revised Statutes Ch. 95½

§ 3–101: Certificate of title required

(a) Except as provided in Section 3–102, every owner of a vehicle which is in this State and for which no certificate of title has been issued by the Secretary of State shall make application to the Secretary of State for a certificate of title of the vehicle.

(b) The Secretary of State shall not register or renew the registration of a vehicle unless a certificate of title has been issued by the Secretary of State. to the owner or an application therefore has been delivered by the owner to the Secretary of State. P.A. 76–1586, § 3–101, eff. July 1, 1970.

§ 3–102: Exclusions

"No certificate of title need be obtained for: * * *

3. A vehicle owned by a non-resident of this State and not required by law to be registered in this State;

4. A vehicle regularly engaged in the interstate transportation of persons or property for which a currently effective certificate of title has been issued in another State; * * * "

§ 3–401: Effect of provisions

"It is a misdemeanor for any person to drive or move or for an owner knowingly to permit to be driven or moved upon any highway any vehicle of a type required to be registered hereunder which is not registered or for which the appropriate fee has not been paid when and as required hereunder, except that when application accompanied by proper fee has been made for registration of a vehicle it may be operated temporarily pending complete registration upon displaying a duplicate application duly verified or other evi-

dence of such application or otherwise under rules and regulations promulgated by the Secretary of State."

§ 3–402: Vehicles subject to registration—Exceptions

"A. Every motor vehicle, trailer, semitrailer and pole trailer when driven or moved upon a highway shall be subject to the registration and certificate of title provisions of this Chapter except:

(1) Any such vehicle driven or moved upon a highway in conformance with the provisions of this Chapter relating to manufacturers, transporters, dealers, lienholders or non-residents or under a temporary registration permit issued by the Secretary of State; * * * "

" * * * 'Intrastate' of 'intrastate commerce' means transportation originating at any point or place within this State and destined to any other point or place within this State, irrespective of the route, highway or highways traversed, and including transportation which passes into or through another State before delivery is made within this State, and including any act of transportation which includes or completes a pickup within Illinois for delivery within Illinois.

'Interstate' or 'interstate commerce' means transportation originating in one State and passing into or through other States for delivery in another State, and which is not 'intrastate'. * * * "

The principal question facing the Court in this case is whether the First National Bank of Highland was required to perfect its lien in accordance with the Illinois Vehicle Code. There is no question that had the Debtor been a resident of New Jersey, the lien would have been properly perfected. The Debtor was, however, a resident of Illinois, a fact which was known to the First National Bank of Highland. The loan from the bank to Joseph T. Brown was made in Illinois, and the note and Security Agreement between the Debtor and the Bank reflects an Illinois address for Joseph Brown. The aforequoted sections of the Illinois Motor Vehicle Code contemplate that a resident of the State of Illinois

should be, and is required to register and title his vehicles in Illinois as opposed to a State in which he is not a resident.

Section 3–401 Illinois Revised Statutes c. 95½ mandates that every person who operates a motor vehicle upon the highways of Illinois must have the vehicle registered unless it is specifically exempted from registration under Illinois Revised Statutes c. 95½ § 3–402. The exceptions contained in Section 3–402 of Chapter 95½ of the Illinois Revised Statutes are not applicable to the case at bar.

The Bank contends that their Security Interest is perfected by virtue of the recording of the interest on the Certificate of Title that was issued by the State of New Jersey. The Bank relies on § 3–102 of the Illinois Revenue Code for the proposition that a vehicle used in interstate commerce does not have to have an Illinois Certificate of Title as required by § 3–101. The Bank argues that this is the case even if the owner of the vehicle is an Illinois resident. This is not a proper interpretation of that section. Section 3–102 is intended to allow a nonresident to register his vehicle in Illinois if it is engaged in interstate commerce. Such a registration is required by Section 3–402 of the Vehicle Code. Section 3–102 was not intended to exempt any vehicle engaged in interstate commerce from having an Illinois Title, but only to allow nonresidents to register their vehicle.

The case of *In Re Paige*, 3 B.R. 115 (W.D.Mich., 1980) lends support to this proposition. In *Paige* the Debtor was a resident of Michigan who obtained an Illinois Title on a truck used in interstate commerce. The Court in *Paige* held that a non-resident does not have to acquire an Illinois Title but does hold, based on Michigan choice of law, that the place of business of the Debtor should govern the perfection of the security interest. This same type of analysis should be applied to come to the conclusion that the residence of the party should control the perfection requirements in an Illinois Motor Vehicle.

The case of *Town House Motel, Inc. v. Ward*, 276 N.E.2d 809, 2 Ill.App.3d 699 (5th District, 1971) is not dispositive of the facts of this case. In the *Town House* case the owner of the motor vehicle was a member of the military temporarily stationed in Illinois, but claiming a residence in Lorain County, Ohio. The vehicle was then properly registered in Ohio, secondly, in the *Town House* case, the original secured party had been informed of the fact that the owner claimed an out-of-state residence and had acted accordingly. This was not the situation in the case before the Court at this time.

Sections 3–203 and 3–207 of the Illinois Vehicle Code set out the method of perfection of a security interest. The purpose of these perfection statutes is to provide adequate and reasonable notice to third persons. Accordingly, it is not constitutionally impermissible to place the burden of providing proper notice upon the persons claiming the lien, as well as the owner, as has been done by 203(b). The fact that the vehicle displayed New Jersey license plates was certainly not sufficient to provide notice to the Trustee of an out-of-state security interest.

The repossession by the Bank shortly before the Bankruptcy is a preference, as that term is used in § 547 of the Bankruptcy Code, that was voidable by the Trustee in his status as a lien creditor pursuant to § 544 of the Bankruptcy Code.

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that the lien of the First National Bank of Highland be, and the same is hereby, found to be invalid as to the Trustee,

IT IS FURTHER ORDERED that the First National Bank of Highland turn over to the Trustee any money received by it pursuant to the sale of the vehicle,

IT IS FURTHER ORDERED that the First National Bank of Highland be given 15 days leave of Court to file an unsecured claim herein.